UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL TPS ALLIANCE; et al., | No. 26-199 |
| Plaintiffs - Appellees, | D.C. No. 3:25-cv-05687-TLT |
| v. | Northern District of California, San Francisco |
| KRISTI NOEM; et al., | ORDER |
| Defendants - Appellants. | |

Before: HAWKINS, CALLAHAN, and MILLER, Circuit Judges.

On December 31, 2025, the district court entered partial final judgment

under Federal Rule of Civil Procedure 54(b), vacating the Secretary of Homeland

Security's termination of Temporary Protected Status (TPS) designations for

Nepal, Honduras, and Nicaragua. *National TPS All. v. Noem*, No. 25-CV-05687-

TLT, 2025 WL 4058572, at *29–30 (N.D. Cal. Dec. 31, 2025). The government

has appealed and moved for a stay pending appeal (Dkt. No. 4).[1] We grant the

requested stay of the district court's vacatur order.

1. The TPS statute, 8 U.S.C. § 1254a, permits the Secretary of Homeland

Security to designate a foreign state for TPS "when nationals of that state cannot

---

[1] The government requested relief by January 30, 2026, but it did not explain the significance of that date, pointing instead to the need to reduce what it described as the irreparable harm to the government from being unable to implement its preferred policy. *See* Dkt. No. 5.

return there safely due to armed conflict, natural disaster, or other 'extraordinary and temporary conditions.'" *National TPS All. v. Noem (NTPSA I)*, 150 F.4th 1000, 1010 (9th Cir. 2025) (quoting 8 U.S.C. § 1254a(b)(1)(C)). TPS holders are eligible for work authorization and protection from removal while their home country remains designated. 8 U.S.C. § 1254a(a)(1). Periodically, the Secretary "shall review the conditions in the foreign state . . . for which a designation is in effect . . . and shall determine whether the conditions for such designation . . . continue to be met." *Id.* § 1254a(b)(3)(A). If the Secretary finds that the conditions are no longer met, she "shall terminate the designation by publishing notice in the Federal Register of the determination." *Id.* § 1254a(b)(3)(B).

This case involves TPS designations for Nepal (initially designated in 2015 because of an earthquake) and Honduras and Nicaragua (initially designated in 1999 because of Hurricane Mitch). In 2025, the Secretary terminated the TPS designations for all three countries. *See* 90 Fed. Reg. 24,151 (June 6, 2025) (Nepal); 90 Fed. Reg. 30,086 (July 8, 2025) (Nicaragua); 90 Fed. Reg. 30,089 (July 8, 2025) (Honduras). In this class action, plaintiffs asserted statutory and constitutional challenges to those termination decisions. The district court determined that the decisions violated the Administrative Procedure Act, and it entered a final judgment vacating the terminations. 2025 WL 4058572 at *29–30. The government has appealed and now seeks a stay pending appeal.

When deciding whether to grant a stay pending appeal, we consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties . . . ; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425–26 (2009).

2. We conclude that the government is likely to succeed on the merits of its appeal either by showing that the district court lacked jurisdiction or by prevailing on plaintiffs' arbitrary-and-capricious APA challenge.

In 8 U.S.C. § 1254a(b)(5)(A), Congress precluded "judicial review of any determination of the [Secretary] with respect to the designation, termination, or extension of a designation, of a foreign state" under section 1254a(b). The government argues that the Secretary's terminations of TPS for Nepal, Honduras, and Nicaragua are therefore unreviewable. In our recent decision in *National TPS Alliance v. Noem* (*NTPSA III*), we held that section 1254a(b)(5)(A) "does not bar judicial review of a claim that the Secretary exceeded her statutory authority." No. 25-5724, 2026 WL 226573, at *9 (9th Cir. Jan. 28, 2026). But that case involved the *vacatur* of a TPS designation, an action that we held was in excess of the Secretary's statutory authority. *Id.* at *15–16. This case, by contrast, involves a *termination* of TPS, an action expressly authorized by statute. *See* 8 U.S.C.

§ 1254a(b)(3) (providing for designations, terminations, and extensions of TPS). At this preliminary stage, we conclude that the government has shown a likelihood of prevailing in its argument that the Secretary's action is unreviewable because it is a "determination . . . with respect to the . . . termination . . . of a designation[] of a foreign state." *Id.* § 1254a(b)(5)(A).

In addition, our preliminary analysis of plaintiffs' APA claims is that the government is likely to prevail in its argument that the Secretary's decision-making process in terminating TPS for Honduras, Nicaragua, and Nepal was not arbitrary and capricious. Specifically, the government can likely show that the administrative record adequately supports the Secretary's action, that the TPS statute does not require the Secretary to consider intervening country conditions arising after the events that led to the initial TPS designation, and that the Secretary's decision not to consider intervening conditions does not amount to an unexplained change in policy. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 514–15 (2009). The government also can likely show that the Secretary consulted with appropriate agencies, *see* 8 U.S.C. § 1254a(b)(3)(A), adequately considered conditions in Nepal, Honduras, and Nicaragua, and gave facially legitimate reasons for why terminating TPS for each country was warranted.

3. The other stay factors also favor the government. The government asserts that in the absence of a stay it will suffer harm from being unable to carry out its

4

preferred immigration policy with respect to foreign nationals whose TPS status it does not wish to renew. Conversely, plaintiffs assert that termination of their status may expose them to the risk of deportation, loss of employment or health benefits, and family separation. Were we called on to make our own assessment of the government's showing of irreparable harm, the potential injury to plaintiffs, and the public interest, we would have to evaluate and balance those considerations.

We are not writing on a blank slate, however, because the Supreme Court has twice stayed district court orders blocking the Secretary's vacatur of TPS for Venezuela. *See Noem v. National TPS All.*, 146 S. Ct. 23 (2025); *Noem v. National TPS All.*, 145 S. Ct. 2728 (2025). Those orders contained no reasoning, so they do not inform our analysis of the legal issues in this case, and the issues in any event are not identical. But the stay applications involved similar assertions of harm by both parties, and we have been admonished that the Court's stay orders must inform "how [we] should exercise [our] equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). We therefore conclude that the equitable factors favor a stay.

For the foregoing reasons, the district court's order vacating the termination of TPS for Nepal, Honduras, and Nicaragua is stayed pending appeal. Within seven days of the issuance of this order, the parties shall submit a proposed briefing schedule to govern further proceedings in this appeal.

*National TPS Alliance v. Noem*, No. 26-199

HAWKINS, Circuit Judge, concurring:

I concur in the result and specifically in Section 3 of the Order, heeding guidance from the Supreme Court's stay orders in the Venezuela TPS status case in this circuit. I would not address the merits of the plaintiff's APA claims at this point in the appeal process.