

AHILAN ARULANANTHAM
PROFESSOR FROM PRACTICE AND FACULTY CO-DIRECTOR
CENTER FOR IMMIGRATION LAW AND POLICY

UCLA SCHOOL OF LAW
BOX 951476
LOS ANGELES, CALIFORNIA 90095-1476
PHONE: (310) 825-1029
EMAIL: ARULANANTHAM@LAW.UCLA.EDU

March 6, 2026

Molly C. Dwyer
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**RE:** *National TPS Alliance, et al., v. Noem, et al.,* **26-199**
**Rule 28(j) Letter In Support Of Petition For Rehearing En Banc re:** *Dahlia Doe Certiorari Before Judgement* **(Feb. 26, 2026)**

Dear Ms. Dwyer,

Defendants have sought certiorari before judgment in *Dahlia Doe v. Noem*, No. 25-cv-8686 (S.D.N.Y. Nov. 19, 2025). *See* Application for Stay, No. 25A952 (U.S. Feb. 26, 2026). In *Dahlia Doe*, the district court postponed the termination date of TPS for Syria in an unpublished order. Both the district court and the Second Circuit then denied Defendants' application for a stay of that order. *See* Dkt. 67, *Dahlia Doe v. Noem*, No. 25-cv-8686 (S.D.N.Y. Nov. 19, 2025); Dkt. 36, *Doe v. Noem*, No. 25-2995 (2d Cir. Feb. 17, 2026).

Defendants subsequently asked the Supreme Court both to stay the district court's grant of preliminary relief and grant certiorari before judgment. In doing so, Defendants argue the Second Circuit decision conflicts with this Court's stay Order in this case—the

The Honorable Molly C. Dwyer
March 6, 2026
Page 2

subject of Plaintiffs' petition for rehearing en banc. *See* Application for Stay at 4 (the Second Circuit decision "creates a split with the Fourth and Ninth Circuits"); *id*. at 32 (alleging "a clear division … among the lower courts considering stay requests involving materially similar issues in other TPS terminations[,]" based on the Order here); *see also id.* at 33 (claiming Second Circuit "departed from" this Court's Order).[1]

That Defendants have treated the Order as though it establishes binding precedent of a kind that can create a split further supports Plaintiffs' position that the Order is appropriately the subject of rehearing en banc, notwithstanding its status as a brief and unpublished order. An amicus brief of 175 former judges submitted in support of the *Dahlia Doe* plaintiffs' Stay Opposition further underscores the importance of the central question raised by Plaintiffs' petition: how to treat unreasoned stay orders from the Supreme Court. *See* Brief of Amici Curiae, Former Federal and State Judges in Support of Respondents, *Noem v. Dahlia Doe*, No. 25A952 (U.S. Mar. 5, 2026).

                                                 Sincerely,

                                                 */s/ Ahilan T. Arulanantham*

                                                 Ahilan T. Arulanantham

---

[1] The Fourth Circuit decision suggested the district court had jurisdiction over plaintiffs' claims in that case, but denied the stay on equitable grounds. *See CASA, Inc. v. Noem*, No. 25-1792, 2025 WL 2028397 (4th Cir. July 21, 2025).

The Honorable Molly C. Dwyer
March 6, 2026
Page 3

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 because the body contains less than 350 words.

/s/*Ahilan T. Arulanantham*

Ahilan T. Arulanantham