UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL TPS ALLIANCE; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> MARKWAYNE MULLIN; et al., <br><br> Defendants - Appellants. | No. 26-199 <br><br> D.C. No. 3:25-cv-05687-TLT <br> Northern District of California, <br> San Francisco <br><br> ORDER |

Before: HAWKINS, CALLAHAN, and MILLER, Circuit Judges.

We granted the government's motion to stay appellate proceedings pending the Supreme Court's decision in *Noem v. Doe*, No. 25-1083, and *Trump v. Miot*, No. 25-1084. Dkt. No. 35. On June 25, 2026, the Supreme Court issued its decision, holding that "the [Temporary Protected Status (TPS)] statute's judicial-review bar applies to all non-constitutional claims." *Mullin v. Doe*, 609 U.S. —, 2026 WL 1825840, at *10 (June 25, 2026). The parties have now filed a proposed schedule for supplemental briefing in light of the Supreme Court's decision in *Mullin v. Doe* (Dkt. No. 41).

The order before us on appeal is the district court's partial final judgment, entered under Federal Rule of Civil Procedure 54(b), concluding that the Secretary of Homeland Security's termination of TPS designations for Nepal, Honduras, and Nicaragua violated the Administrative Procedure Act (APA). *National TPS All. v.*

*Noem*, 819 F. Supp. 3d 1049, 1094–95 (N.D. Cal. 2025). Plaintiffs now concede that, under *Mullin v. Doe*, 8 U.S.C. § 1254a(b)(5)(A) precludes judicial review of plaintiffs' APA claims. We agree, and we therefore vacate the district court's entry of final judgment under Rule 54(b) declaring the termination of TPS for Nepal, Honduras, and Nicaragua unlawful under the APA. Because no other claims are before us at this time, we deny the parties' motion to set a supplemental briefing schedule, and we remand for further proceedings.

We decline the government's suggestion that the case be reassigned to a different district judge on remand. Although some of the judge's remarks may have been intemperate, they do not warrant the "rare and extraordinary" relief of reassignment on remand. *Krechman v. County of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013) (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001)). Based on the record before us, we have no reason to believe that the judge would be unable to fairly and correctly apply the law on remand. *See id.*

**VACATED and REMANDED.**